UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRIAN J. WOODBURN

v. C. A. NO. 06-387 S

A. T. WALL AND JOSEPH DI NITTO

**DEFENDANTS A. T. WALL'S AND JOSEPH DI NITTO'S ANSWER TO PLAINTIFF'S COMPLAINT**

Now come Defendants A. T. Wall and Joseph DiNitto in the above-entitled matter and hereby answer the Plaintiff's complaint as follows:

1. Defendants admit the allegations contained in paragraphs 3 through 6, 12, 29 and 31 of the Plaintiff's complaint.

2. Defendants admit those portions of the allegations contained in paragraph 15 of the Plaintiff's complaint, indicating that Plaintiff was the aggressor, and deny the remaining allegations in said paragraph.

3. Defendants admit the allegations contained in paragraph 16 of the Plaintiff's complaint that indicates that Plaintiff was transferred to the High Security Center in April, 2006 and deny all remaining allegations contained therein.

4. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 14, 25 and 32.

5. Defendants deny all remaining allegations contained in Plaintiff's complaint and leave Plaintiff to his proof.

FIRST DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's claims.

**SECOND DEFENSE**

Plaintiff does not allege any facts that would support a valid claim under 42 U.S.C. § 1983. Plaintiff does not state any claim against Defendants cognizable in this court.

**THIRD DEFENSE**

This action is barred by the doctrine of sovereign immunity.

**FOURTH DEFENSE**

The Defendants have the benefit of all express and implied exceptions to the statutory waiver of sovereign immunity.

**FIFTH DEFENSE**

At all times material to the allegations in the Complaint, the Defendants were in the exercise of due care and Defendants, in good faith, duly fulfilled any and all duties owed to the Plaintiff, if in fact, any duties were owed.

**SIXTH DEFENSE**

The Defendants at all times acted reasonably and in good faith and did not violate any clearly established constitutional rights of the Plaintiff. Accordingly, Defendants assert the defense of qualified immunity.

**SEVENTH DEFENSE**

Defendant A. T. Wall, to the extent that he is sued in his official capacity as Director of the Rhode Island Department of Corrections, and Joseph A. DiNitto, to the extent that he is sued in his official capacity as Associate Director/Classification, both having the benefit of their status as sovereigns, together with all privileges and immunities which inure to said status.

WHEREFORE, Defendants demand entry of judgment in their favor, plus costs and attorney's fees.

DEFENDANTS,
By Their Attorney,

/S/ Michael B. Grant

______________________________

Michael B. Grant, Esq.
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

**CERTIFICATION**

The undersigned hereby certifies that on this, the 27th of November, 2006, I mailed a true copy of the within Answer to Brian J. Woodburn, P. O. Box 8200, Cranston, R. I. 02920.

/S/ Michael B. Grant

______________________________