United States District Court
District Of Rhode Island

Brian J. Woodburn,
Plaintiff,

V. C.A. No. 06-387-S

A.T. Wall, et al.,
Defendants,

Declaration In Support Of Plaintiffs Motion For Preliminary Injunction

Brian Woodburn, declares under penalty of perjury;

1. I am the plaintiff in this case. I make this declaration in support of my motion for a preliminary injunction to prevent or delay being seriously assaulted or killed.

2. I am a transfer from New Hampshire. Since being in Rhode Island I have been assaulted several times.

3. I am currently housed in the High Security Center ("H.S.C."). Inmates have been threatening to kill me.

and have made reference to having A or B status inmates kill me.

4. Because I am not from Rhode Island and I do not know anyone here, I can't identify who I have problems with. I have problems with a great number of inmates and have had these problems for the entire time I have been here.

5. On November 16, 2006, I wrote a letter to Deputy Warden Donna Collins stating specifically what my problems were and requested that she approve the relief sought in this motion.

6. On November 29, 2006, I wrote a letter to Michael B. Grant stating specifically what my problems are and advised him to have A.T. Wall approve the relief sought in this motion.

7. For the foregoing reasons, the court should grant the plaintiffs motion in all respects.

I declare under penalty of perjury that the foregoing is true and correct.

Brian Woodburn

United States District Court
District Of Rhode Island

Brian J. Woodburn,
Plaintiff,

V. CA. No. 06-387-S

A.T. Wall, et al.,
Defendants

Memorandum Of Law In Support Motion For A Preliminary Injunction

This is a civil rights action brought under 42 U.S.C. § 1983 by a state prisoner. The plaintiff seeks a preliminary injunction to ensure that he not be seriously assaulted or killed by other inmates.

I. Statement Of Facts

Plaintiff is a New Hampshire inmate and was transferred to Rhode Island on September 23, 2005. Plaintiff has already been assaulted several times and has had his life threatened regularly.

Plaintiff is currently in the High Security Center where inmates have continued to threaten

his life. Inmates have threatened to have other inmates on A or B status kill him. A and B status inmates have less restrictions, access to plaintiff and to things that they could use to make homeade weapons.

Plaintiff is in fear for his life and safety and wrote letters to Deputy Warden Donna Collins and the defendants counsel, Michael B. Grant. In these letters plaintiff explained that inmates have been threatening to kill him, that he is in fear for his life, and requested that they approve the relief sought in plaintiffs motion for preliminary injunction.

Because plaintiff is an out of state transfer the defendants are not obligated to keep him in Rhode Island and could have him returned to his own state at any time. This is an unessecary risk to plaintiffs safety.

The threat to plaintiffs safety is serious because he can't identify any of the inmates that he has problems with.

## Argument Point I

In determining whether a party is entitled to a preliminary injunction, courts generally consider several factors. whether the party will suffer irreparable injury, the balance of hardships between the parties, the likelihood of success on the merits and the public interest. Each of these factors favors the grant of this motion

A. The plaintiff is threatened with irreparable harm. The plaintiffs life has been repeatedly threatened and he has informed prison officials that he is in fear for his life and safety. It is not safe for him in Rhode Island and because he is a transfer they are not obligated to keep him in there facilities. But for some reason the defendants want to keep the plaintiff in Rhode Island, regardless of the threat to his life and safety.

As a matter of law, the continuing deprivation of Constitutional rights constitutes irreparable harm. Elrod V. Burns 427 U.S. 347, 373, 96 S.Ct 2673 (1976

B. The balance of hardships favors the plaintiff. I deciding whether to grant preliminary injunction, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non moving party if the motion is granted. See Duran V. Anaya 642 F.Supp 510, 527 (D.N.M. 1986)

In this case, the present suffering of the plaintiff and his potential suffering if he is killed or seriously assaulted outweighs the suffering the defendants will suffer if the motion is granted.

C. The plaintiff is likely to succeed on merits. What the defendants have done, putting plaintiffs life and safety in jeopardy, even after he has informed them of the seriousness of the threat to his safety.

Leaving plaintiff in a situation where he has to wonder and wait everyday, to be assaulted or killed has caused him mental injuries. Thompson V. Carter 284 F.3d. 411 (2nd Circuit 2000) The defendants are fully aware of the threat to plaintiffs safety and refuse to do anything about it. Farmer V. Brennan 114 S.Ct. at 78

D. The relief sought will serve the public Interest; because it is always in the public interest for prison officials to obey the law. Duran V. Anaya 642 F.Supp. 510, 527 (D.N.M. 1986) see also Llewelyn V. Oakland County Prosecutors Office 402 F.Supp. 1379, 1393 (E.D. Mich. 1975)

## Point II

The plaintiff should not be required to post surety. Usually a litigant who obtains interim injunctive relief is asked to post security. Rule 65(c) of Fed. R. Civ. P. However, the plaintiff is an indigent prisoner and is unable to post security. The court has discretion to excuse an impoverished litigant from posting security. Orantes-Hernandez V. Smith 541 F.Supp. 351, 385 n.30 (C.D. Cal. 1982) J.L. V. Parham 412 F.Supp 112, 140 (D. GA. 1976) rev'd on other grounds. 442 U.S. 584, 99 S.Ct. 2493 (1979

## Conclusion

For the foregoing reasons the court should grant the motion in its entirety.

Brian Woodburn
P.O. Box 8200
Cranston, R.I.
02920