United States District Court
District Of Rhode Island

Brian J. Woodburn,
Plaintiff,

v. C.A. No. 06-387 S

A.T. Wall, et al.,
Defendants,

## Memorandum Of Law In Support Of Motion For Preliminary Injunction

## Statement Of The Case

This is a civil rights action brought under 42 U.S.C. § 1983 by a state prisoner who alleges that the defendants are intentionally endangering plaintiffs life and safety.

## Facts

As stated in the attached declaration, plaintiff has informed both defendants that inmates have been threatening to kill him

or to have other inmates kill him. Both defendants have failed to appropriately respond to plaintiffs situation and tried to pass off responsibility to other correctional staff who all refused to assist plaintiff. Plaintiff is in fear for his life and safety and currently he can only leave his cell for a shower. The defendants are putting plaintiffs life and safety in serious danger every time he leaves his cell and also by not properly responding to plaintiffs requests/correspondence.

The defendants against whom relief is sought are, A.T. Wall, Director of R.I.D.O.C. and Joseph DiNitto, associate director.

## Argument Point I

In determining whether a party is entitled to a preliminary injunction, courts generally consider several factors: whether the party will suffer irreparable injury, the balance of hardships between the parties, the likelihood of success on merits and the public interest. Each of these factors favors the grant of this motion.

A) The plaintiff is threatened with irreparable

harm. The plaintiff has informed both of the defendants that inmates have threatened to kill him or have other inmates kill him. Both defendants failed to properly respond and passed responsibility on to other correctional staff. Defendant DiNitto forwarded plaintiffs correspondence to Associate Director Jake Gadsden, who only said he would have someone speak to plaintiff, which never happened. Defendant Wall told plaintiff that if inmates are trying to kill him than he should contact someone else and gave plaintiff different people to contact. the one plaintiff is supposed to contact when he has problems with inmates is Special Investigations Unit. (S.I.U.) Plaintiff spoke with investigator David Baptista who told plaintiff to not worry about it and that nothing would happen.

Both defendants have been informed of plaintiffs situation and both refuse to assist him in any way, clearly violating his 8th amendment right. see Farmer V. Brennan 114 S.Ct. at 1978; Wilson V. Seiter 111 S.Ct at 2326. Plaintiff is also suffering serious mental and emotional injury because of his situation and the defendants refusal to assist him, Thompson V. Carter 284 F.3d. 411 (2nd Cir. 00)

B) The balance of hardships favors the plaintiff. In deciding whether or not to grant a preliminary injunction, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non moving party if the motion is granted. see, eg., Mitchell V. Cuomo, 748 F.2d. 804, 808 (2nd Cir. 84)

In this case, the present suffering of plaintiff and the threat to his life and safety are very serious. If this motion is not granted the plaintiff could be stabbed or killed. The suffering the defendants will ~~~~ experience if the court grants the order will consist of taking all steps to ensure plaintiffs safety as best they can while he is in their custody. As they have no obligation to house plaintiff in their facilities, but are doing so for financial gain, they should do everything to ensure plaintiffs safety.

C) The plaintiff has a great likelihood of success on merits. What the defendants have done, intentionally endangering plaintiffs life for financial purposes and not properly responding to plaintiffs complaints, which described the threat to his safety, is a violation of plaintiffs 8th amendment rights. see Farmer V. Brennan 114 S.Ct. at 1978;

Wilson V. Seiter 111 S.Ct. at 2326

The releif sought will serve the public interest because it is always in the public interest for prison officials to obey the law Duran V. Anaya 642 F.Supp. 510, 527 (D.N.M.1986)

Point II

The plaintiff should not be required to post security. Usually a litigant who obtains interim injunctive relief is asked to post security. Rule 65(c) Fed. R. Civ. P. However, the plaintiff is an indigent prisoner and is unable to post security. The court has discretion to excuse an impoverished litigant from posting security. Orantez Hernandez V. Smith, 541 F.Supp. 351, 385 n. 30 (C.D.Cal. 1982) In view of the seriousness of the threat to plaintiffs life, the court should grant the relief requested without requiring the posting of security.

Conclusion

For the foregoing reasons, the court should grant the motion in its entirety.

2-5-07

Brian Woodburn-129619
P.O. Box 8200
Cranston, R.I.
02920

Certificate Of Service

I hereby certify that a copy of the foregoing memorandum of law in support of motion for preliminary injunction was mailed to Michael B. Grant. at 40 Howard Ave. Cranston R.I. 02920 on 2-5-07