UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRIAN WOODBURN

v. C. A. NO. 06-387 S

A. T. WALL, ET AL

DEFENDANTS' OBJECTION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION

Now come the Defendants in the above-entitled matter and hereby object to the Plaintiff's application for preliminary injunction as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this, the 28th day of February, 2007, I mailed a true copy of the within Defendants' Objection To Plaintiff's Motion For Preliminary Injunction and accompanying Memorandum to Brian Woodburn, P. O. 8200, Cranston, R. I. 02920.

/S/ Michael B. Grant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRIAN WOODBURN

v. C. A. NO. 06-387 S

A. T. WALL, ET AL

MEMORANDUM

The instant Pro Se Plaintiff was convicted of a crime in the state of New Hampshire and transferred to the ACI in Rhode Island pursuant to the New England Interstate Compact existing between the two jurisdictions. Plaintiff has filed an application for preliminary injunction and outlines in supporting documents that inmates have been threatening to kill him as a result of he being a white supremist. Plaintiff indicates that he has notified Defendants Deputy Warden Donna Collins and David Baptista of the Special Investigations Unit. Plaintiff also indicates that he informed Joseph DiNitto that he was in fear of another inmate at the ACI, who was transferred from New Hampshire and who is telling other inmates at the ACI that Plaintiff had assaulted a gang member in New Hampshire; Plaintiff alleges that there are many inmates in Rhode Island who belong to the same gang. Plaintiff also alleges that he informed A. T. Wall of his fear of being attacked by other inmates, in particular, an inmate named William Markowski.

PRELIMINARY INJUNCTION

As the party moving for preliminary injunctive relief, the Plaintiff bears the burden of demonstrating (1) the potential for immediate, irreparable injury; (2) the likelihood of success on the merits of the case; (3) the relevant balance of hardships that

the injunction does not issue; and (4) the effect on the public interest of a grant or denial of the motion. See **Narragansett Indian Tribe v. Guilbert**, 934 F.2d 4, 5 (1st. Cir. 1991). The failure to demonstrate one of the requirements necessitates a denial of the motion for

preliminary injunctive relief.

The Defendants are quite familiar with this Plaintiff and his allegations of potential harm from other Rhode Island inmates. On July 14, 2006, Director A. T. Wall wrote to the Plaintiff in response to a correspondence from the Plaintiff of the same date concerning the Plaintiff's desire to return to the state of New Hampshire. Director Wall, in his letter to the Plaintiff, also addressed the Plaintiff's concerns of his safety. Director Wall informed the Plaintiff that if he felt threatened, he must immediately notify several internal and external investigative units to provide them with specific information in order to allow the Department to adequately protect him.

The Plaintiff again wrote to Director Wall on December 24, 2006 regarding fear for his safety. The Director again responded on December 29, 2006 indicating that a member of his office had spoken with Special Investigations Unit Investigator Linda Rose, who had learned from Deputy Warden Collins that the Plaintiff was safe and separated from the remainder of the inmate population. Director Wall again re-familiarized the Plaintiff with the methods of lodging legitimate concerns for his safety. **See** Affidavit of A. T. Wall.

Plaintiff also wrote to Aaron Aldrich, Chief Inspector at the Rhode Island Department of Corrections relative to his concerns of his safety. On August 29, 2006, Chief Inspector Aldrich replied to Plaintiff concerning his desire to return to New

Hampshire and also indicated that he had spoken to the Chief of the Special Investigations Unit. Inspector Aldrich indicated in his response to Plaintiff that the Special Investigations Unit was familiar with his white supremacy beliefs, Plaintiff's stated intentions to recruit members of the inmate population, Plaintiff's request to have the Ku Klux Klan enter the facilities, and Plaintiff's assault on a fellow inmate. Chief Inspector Aldrich indicates that after conferring with the Chief of the Special Investigations Unit that there was no information/evidence to suggest that the Plaintiff was in any immediate danger. **See** Affidavit of Aaron Aldrich.

Finally, Captain Anderson of the High Security facility, where Plaintiff is currently housed, verifies that the Plaintiff is classified as a C-Category Inmate, meaning that he is able to recreate outside and in isolation; is housed completely separate from the remainder of the inmate population, and has no contact with the same; is able to receive visits and make phone calls. **See** Affidavit of Captain Anderson.

Accordingly, the Defendants have demonstrated that there lacks the potential for immediate, irreparable injury, and there is no likelihood of success on the merits and that the Plaintiff's motion for preliminary injunction should be denied.

Respectfully submitted,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864