**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**BRAIN J. WOODBURN**

**v.** **C.A. No. 06-387 S**

**A.T. WALL, et al.**

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

This matter is before the court on the motion of the *pro se* plaintiff, Brian J. Woodburn, for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a). Defendants have objected thereto. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that plaintiff's motion be denied. I have determined that no hearing is necessary. See Campbell Soup Co., v. Giles, 47 F.3d 467, 469 (1st Cir. 1995)(An evidentiary hearing is not an indispensable requirement when a court allows or refuses injunctive relief under Fed.R.Civ.P. 65).

**Background**

Plaintiff Brian J. Woodburn, is an inmate lawfully in the custody of the New Hampshire Department of Corrections("NHDOC"). At the NHDOC's behest, plaintiff is confined at the Rhode Island Department of Corrections ("RIDOC").

At the times relevant in the Complaint, plaintiff asserts that the RIDOC confined him in the Maximum Security facility, where are housed, according to the plaintiff, primarily African-American inmates. Plaintiff alleges that he feels threatened by these inmates because he is a white supremacist. Plaintiff alleges that the inmates in Maximum Security have indicated to him that they will kill him. Indeed, plaintiff's Complaint indicates that he has been involved in physical altercations with other inmates. However, it is not clear if the plaintiff was the victim or the instigator of the altercations.

Sometime thereafter, plaintiff was transferred to the High Security Center, the most restrictive facility at the RIDOC. After his transfer to High Security, plaintiff alleges he began to lodge complaints with prison officials, asserting that he was "sick of this place and wanted to go back to New Hampshire." See Complaint, ¶ 15. Plaintiff also began to lodge complaints with prison officials regarding his safety and the perceived harm that he felt from other inmates. Due to prison officials' refusal to return him to New Hampshire, "plaintiff believes the defendants are trying to kill him." Id. at ¶ 26.

Plaintiff filed suit seeking relief. Plaintiff claims that the named defendants, by not returning him to New Hampshire, are violating the Eighth Amendment and Fourteenth Amendment.

**Preliminary Injunction Motion & Objection Thereto**

In his motion for preliminary injunctive relief, plaintiff alleges that the defendants refuse to return him to New Hampshire, and thus, are intentionally not responding to the danger he faces. Although not explicitly specified in his preliminary injunction motion, it appears that the motion seeks an Order directing that he be returned to New Hampshire.

Defendants have objected. In their objection and supporting affidavits, defendants indicate that the plaintiff is confined in the High Security facility and is completely separate from the remainder of the inmate population. Defendants appear to be quite knowledgeable regarding the plaintiff's activities, including his assault on another inmate, his white supremacy beliefs, and his "request to have the Klu Klux Klan enter the ACI facilities." See Affidavit of Aaron Aldrich, Dckt # 13-1, ¶ 4.

**Analysis**

As the party moving for preliminary injunctive relief, the plaintiff bears the burden to demonstrate (1) the potential for immediate, irreparable injury; (2) the likelihood of success on the merits of the case; (3) the relevant balance of hardships if the injunction does not issue; and (4) the effect on the public interest of a grant or denial of the motion. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). A failure to demonstrate one of the requirements necessitates a denial of the

motion.

By way of the instant motion, plaintiff asserts that the defendants are not properly protecting him from harm since they refuse to return him to New Hampshire in violation of the Eighth Amendment. In order to sustain an Eighth Amendment claim, prison officials must be "deliberately indifferent" to plaintiff's health or safety. To demonstrate deliberate indifference, prison officials must "know[] of and disregard[] an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This standard, requiring "an actual, subjective appreciation of the risk, has been likened to the standard for determining criminal recklessness." Giroux v. Somerset County, 178 F.3d 28, 32 (1994).

Where such risk is known, a prison official cannot be deliberately indifferent if he takes reasonable steps to avoid the harm. Farmer, 511 U.S. at 843 ("[P]rison officials who actually know of a substantial risk to inmate health or safety may be found free from liability if they respond reasonably to he risk, even if the harm was ultimately not averted.").

Here, it is abundantly clear from the filings in this matter that the defendants are aware of the plaintiff's white supremacists beliefs, his apparent attempts to recruit inmates to join in his beliefs, and his own subjective feeling that he is at risk of harm from non-white inmates. The defendants have responded. They have placed the plaintiff in a restrictive confinement facility,

limiting his access to other inmates and thereby removing him from his perceived harm. Thus, this Court is hard-pressed to find that the defendants are disregarding a risk to his safety. Rather, it appears that, at this time, the defendants have taken reasonable precautions to prevent the plaintiff from harm. Therefore, plaintiff has not shown a likelihood of success on the merits of his claim, nor has he shown the potential for any immediate irreparable injury.

To the extent that plaintiff may be claiming that the defendants' refusal to return him to the NHDOC somehow violates his Fourteenth Amendment due process rights, he is mistaken. Olim v. Wakinekona, 461 U.S. 238, 248 (1983)(confinement in another state is within the normal limits or range of custody which the conviction has authorized the state to impose); see also Meachum v. Fano, 427 U.S. 215, 224 (1976). Accordingly, plaintiff has failed to show a likelihood of success on this claim, or that he is being subjected to any immediate, irreparable injury by being confined in Rhode Island.

**Conclusion**

For the reasons stated above, I recommend that plaintiff's motion for a preliminary injunction be denied. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to filed timely, specific objections

to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 ( 1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
March 20, 2007