United States District Court
District Of Rhode Island

Brian J. Woodburn,
Plaintiff,

V. C.A. No. 06-387 S

A.T. Wall, et al.
Defendants,

Objection To Report And Recommendation

Plaintiff objects to the report and recommendation (R and R) because his safety is still at risk and will be unless the releif sought in the preliminary injunction is granted.

Facts

1. On December 15, 2006, plaintiff informed Deputy Warden Collins that inmate William Markowski threatened to kill him and that if he "ratted or P.C.'d than he would have one of his boys on A ~~or B block~~ block kill plaintiff Collins never responded. Plaintiff also requested to be separated from inmate Markowski and to press charges against him.

2. In mid December, 2006 Plaintiff informed investigator David Baptista of Markowski's threat. Baptista said not to worry about it and that nothing would happen.

3. In late December, 2006, Plaintiff wrote to Defendant DiNitto about Markowski's threat and that Plaintiff beleived that an inmate was transferred from N.H who was causing problems for Plaintiff. And how inmates were telling plaintiff that they knew that he was a "P.C. rat" because the other guy from N.H. confirmed it. This inmate also told other inmates that Plaintiff assaulted an inmate in N.H. who was a member of the Latin Gangsta Disciples and ratted on them and P.C.'d from them. Plaintiff beleives there are alot of inmates in R.I. who belong to branches of this gang. Defendant DiNitto gave Plaintiffs letter to Associate Director Jake Gadsden, who said he would have someone from Robert Catlows office speak to Plaintiff, which never happened.

4. In late December, 2006, Plaintiff wrote to Defendant Wall about Markowski's threat and about the inmate from N.H. who was causing him problems. Defendant Wall told Plaintiff not to write to him but to contact someone else, and gave him a list of people to contact, all of which had been contacted and chose to do nothing.

5. Plaintiff is currently in the High Security Center (H.S.C.) He has informed the defendants that other inmates have threatened to have other inmates on A or B status kill plaintiff. Inmates on A and B status are less restricted. They have access to things to make weapons and can get to plaintiff while he is handcuffed and shackled and unable to protect himself.

6. Plaintiff is safe and seperated from the rest of the inmate population, while he is locked in his cell! It is when he leaves his cell that his safety is in serious jeopardy because thats when A and B status inmates have access to him. It will only be a matter of time before plaintiff is forced to leave his cell and an inmate on A or B status kills or seriously assaults him.

7. The threat to plaintiffs safety increased after he informed them ~~that~~ about Markowski and the other inmate from N.H. Now plaintiff is labeled an informant and the defendants still haven't done anything to ensure plaintiffs safety. It has been over 3 months since plaintiff informed defendants of Markowski's threat and they still have done nothing. If plaintiff could identify other inmates that have threatened him, he would fear informing staff because it would only make his problems worse because prison officials have already proven that they have no intention of helping plaintiff.

8. By confining plaintiff in H.S.C. the defendants are not removing plaintiff from his perceived threat. They are allowing inmates, who intend to kill or seriously harm him, access to him while he is handcuffed and shackled and unable to protect himself. Thus, his safety is at an even greater risk in H.S.C. Combined with the fact that when he informs the defendants and other prison officials of this, they refuse to do anything, primarily out of fear of losing payments from A.H. Plaintiff is unsure if the defendants are trying to have inmates murder him or if they just don't care if it happens and are only concerned with getting as many payments from A.H. as they can.

9. Plaintiff can't argue against the defendants objection to plaintiff preliminary injunction because they didn't send plaintiff a copy of it.

## Conclusion

For the reasons stated herein, the defendants have violated plaintiffs 8th amendment rights and acted with deliberate indifference. See Farmer V. Brennan 511 U.S. 825, 837 (1994

Plaintiff that a hearing be scheduled for a preliminary injunction or that it be granted without a hearing. Plaintiff also requests that this court

the R.I. state Police or F.B.I. so that plaintiff can press criminal charges against both defendants for conspiracy to committ murder.

3-21-07

Brian Woodburn

Brian Woodburn -129619
P.O. Box 8200
Cranston, R.I.
02920

## Certification

Brian Woodburn certifies that on 3-21-07 he mailed a copy of this objection to report and recommendation to Michael B. Grant 40 Howard Ave. Cranston, RI 02920